UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| ARAYOS LLC, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) 1:14-cv-00060-NT |
| | ) |
| SYDKAL INC., et als., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on Defendant Sydkal Inc.'s Motion to Set Aside Default (ECF Nos. 18/41). Plaintiff filed its original complaint on February 17, 2014, and filed an affidavit of service reflecting service upon Defendant Sydkal, Inc. on April 1, 2014. Defendant Sydkal did not respond to the original complaint in accordance with Rule 12 of the Federal Rules of Civil Procedure. On June 2, 2014, upon Plaintiff's request for the entry of default, the Clerk entered default against Defendant Sydkal.

On June 16, counsel entered an appearance on behalf of, among others, Defendant Sydkal. Counsel also moved to set aside the entry of default, to dismiss six counts of the original complaint, and for an extension of the deadline to answer the remaining counts. (Motion to Vacate the Order on Motion for Entry of Default, ECF No. 18.) Although Defendant Sydkal did not file an affidavit in support of the motion to set aside the entry of default, Defendant argued that the Court should set aside the default because (1) Defendant did not receive notice of the motion for entry of default or of the Clerk's entry of default, (2) Defendant responded to the complaint with a motion to dismiss multiple claims, and (3) the time to respond to the complaint had not expired for certain co-defendants. In response to Defendant's request to set aside the default, Plaintiff argues that

Defendant Sydkal failed to demonstrate good cause to set aside the default. (Response, ECF No. 36.)

Contemporaneously with the filing of its opposition to the motion to dismiss, Plaintiff filed an amended complaint (ECF No. 29). In accordance with the Court's directive during a telephonic conference, the parties filed memoranda in which they addressed the effect on the default of the filing of the amended complaint. After review of the parties' submissions regarding Defendant Sydkal's motion to set aside the default, as explained below, the Court concludes that the entry of default on Plaintiff's original complaint is moot.

## DISCUSSION

Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, a court may set aside the entry of default based on a good cause showing. "Good cause" sets a liberal standard and "[t]here is no mechanical formula for determining whether good cause exists." *In re Game Tracker, Inc.*, 746 F. Supp. 2d 207, 217 (D. Me. 2010). Factors that are typically considered include: (1) whether the default was willful; (2) whether setting it aside would prejudice the adversary; (3) whether a meritorious defense is presented; (4) the nature of the defendant's explanation for the default; (5) the good faith of the parties; (6) the amount of money involved; and (7) the timing of the motion to set aside the entry of default. *Id.* Other factors may be considered as well. *Id.* The burden of showing good cause falls on the party seeking to set aside the default. *Id.*

Many courts, including the Maine Supreme Judicial Court, sitting as the Law Court, have held that the filing of an amended complaint moots a clerk's entry of default because the amended complaint supersedes any prior complaint and effectively nullifies the earlier-filed complaint. *TD Banknorth, N.A. v. Hawkins*, 2010 ME 104, ¶ 22, 5 A.3d 1042, 1048 ("We conclude that when a complaint is amended, any default on the initial complaint, even as to claims unaltered by the

amendment, must be set aside and the defendant be given an opportunity to respond to the amended complaint according to the terms of [Rule] 12."); *see also S.E.C. v. Boey*, No. 1:07-CV-00039-SM, 2013 WL 1775444, at *1 (D.N.H. Apr. 25, 2013) (relying on rationale of *TD BankNorth v. Hawkins* to deny motion for default judgment).[1] The courts' reasoning, i.e., that the amended complaint becomes the operative pleading to which defendants must file a responsive pleading, is sound and persuasive. The entry of default on the original complaint thus is moot because Plaintiff has filed an amended complaint, which now governs Plaintiff's claim.[2]

## CONCLUSION

Based on the foregoing analysis, the Court concludes that the entry of default is moot and, therefore, Defendant Sydkal's Motion to Set Aside Default (ECF Nos. 18/41) and its Motion to Dismiss (ECF No. 19) are also moot. The matter will proceed on Plaintiff's amended complaint. Defendant shall file its responsive pleading to the amended complaint on or before August 20, 2014.

*So Ordered.*

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 11th day of August, 2014

---

[1] Plaintiff cites *Western Surety Co. v. Leo Construction, LLC*, No. 3:12-CV-1190-CSH, 2013 WL 144097, at *9 (D. Conn. Jan. 11, 2013), in which the court left default in place as to certain defendants, despite amendment of the complaint, because the defendants in question never sought to have the default on the original complaint set aside. In the other case cited by Plaintiff, the court granted the defendant's motion to set aside the default. *Saint-Gobain Autover USA, Inc. v. Fuyao Glass Indus. Grp. Co., Ltd.*, No. 2:05-cv-71079, 2005 WL 3454402, at *2 (E.D. Mich. Dec. 16, 2005).

[2] Even if the amendment did not as a matter of law render the default moot, the reasoning of the Law Court in *TD Banknorth* suggests that at a minimum, the amendment is a factor the Court should weigh as part of its consideration of Defendant Skydal's request for relief under Rule 55(c). Here, the amended complaint, the fact that Defendant Skydal apparently acted in good faith and did not wilfully fail to respond to the complaint, and the fact that the case is still in its infancy would arguably militate in favor of setting aside the default.