UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ARAYOS LLC, )<br>)<br>Plaintiff, )<br>)<br>v.   )<br>)<br>JIMMIE ELLIS, MISTY BURR, )<br>JOHN M. VELLIANITIS, JMV, INC., )<br>PAXOS MANAGEMENT SERVICES, )<br>INC. and SYDKAL, INC., )<br>)<br>Defendants. ) | Docket No. 1:14-cv-060-NT |

**ORDER ON PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND DISMISSAL OF COUNTERCLAIM**

This matter is before the Court on the Plaintiff's motion for default judgment against Defendant Jimmie Ellis and dismissal of Ellis's counterclaims. Mot. for Default Judgment and Dismissal of Counterclaim (ECF No. 66). The Plaintiff moves for: (1) entry of default judgment against Defendant Ellis pursuant to Federal Rule of Civil Procedure 37(d); (2) dismissal of Ellis's counterclaims against the Plaintiff pursuant to Rules 37(d) and 41(b); and (3) entry of default judgment against all the Defendants under Rule 55(b)(2). The Court will **GRANT IN PART** and **RESERVE IN PART** the Plaintiff's motion for default judgment and will **GRANT** the Plaintiff's motion for dismissal of Ellis's counterclaims.

**PROCEDURAL BACKGROUND**

On September 19, 2014, after granting the motion of Defendants' counsel to withdraw from representation, the Magistrate Judge ordered the Defendants to arrange for new counsel or enter a *pro se* appearance on or before October 3, 2014.

Report of Telephone Conference and Order (ECF No. 55).[1] On September 18, 2014, the Plaintiff's attorney served requests for production of documents under Rule 34 (titled "Plaintiff's First Request for Production of Documents") upon all the Defendants, including Defendant Jimmie Ellis, by serving copies of same upon Defendants' then counsel of record, Attorney John Van Lonkhuyzen. Aff. of John H. Branson ¶ 2 (ECF No. 66-1). During a September 19, 2014 telephone conference with Magistrate Nivison, Attorney Van Lonkhuyzen acknowledged receipt of those document requests, and further represented in the conference that he would deliver those requests to the Defendants. *Id*. Pursuant to Rule 34, responses and objections to the document requests were due on or about October 18, 2014. Fed. R. Civ. P. 34. No extensions were requested or given at any time with regard to these document requests. None of the Defendants, including Ellis, ever produced any documents in response to the September 18, 2014 document requests, nor did they serve any responses or objections thereto upon the Plaintiff or his counsel. Branson Aff. ¶ 3.

Because the Defendants did not enter pro se appearances or arrange for new counsel to enter appearances on their behalf by October 3rd, the Magistrate Judge issued an Order to Show Cause requiring the Defendants, on or before October 20, 2014, to comply with the Court's prior order regarding representation, or risk the possibility that the Court would impose sanctions. Order to Show Cause (ECF No. 56).

---

[1] The Magistrate Judge also ordered Attorney John Lonkhuyzen to provide Plaintiff's counsel with the current mailing address of Defendant Ellis to facilitate service of discovery in advance of the entry of appearance of new counsel or appearance pro se. Report of Telephone Conference and Order 2. The Plaintiff indicates that Attorney Lonkhuyzen provided that address by letter to Plaintiff's counsel dated September 19, 2014. Mot. for Default Judgment and Dismissal of Counterclaim 2.

On October 17, 2014, Defendant Ellis filed a Motion to Extend Time (ECF No. 57). In the motion, Ellis indicated that he would "represent the remaining named defendants in this case." *Id*. On November 25, 2014, the Magistrate Judge issued an Order accepting Mr. Ellis's *pro se* appearance and notifying him that because he is not an attorney licensed to practice law and admitted to practice he could not enter an appearance on behalf of any of the other Defendants. Order on Mot. to Extend Time and Show Cause Order (ECF No. 59). The Magistrate Judge gave the individual Defendants Burr and Vellianitis until December 10, 2014 to either enter pro se appearances, or arrange for counsel to enter an appearance on their behalf. The Magistrate Judge gave the corporate Defendants JMV, Inc., Paxos Management Services, Inc., and Skydall, Inc. until December 10, 2014, to arrange for counsel to enter appearances on their behalf. In that Order, all Defendants were notified that failure to comply with the terms of the Order would result in sanctions, including the entry of default.

The Defendants Burr, Vellianitis, JMV, Inc., Paxos Management Services, Inc., and Skydall, Inc. did not enter appearances or otherwise comply with the Court's order. The Plaintiff then moved for default against all the Defendants except Ellis and moved for dismissal of Sydkal, Inc.'s counterclaims. No response to the Plaintiff's Motion for Default was filed. On January 15, 2015, the Court entered default against individual Defendants Burr and Vellianitis and the corporate Defendants JMV, Inc., PAXOS Management Services, Inc. and Sydkal, Inc. and dismissed Sydkal's counterclaims. Order on Plaintiff's Mot. for Entry of Default (ECF No. 63).

On February 20, 2015, the Plaintiff's attorney sent a letter to Defendant Ellis, individually and in his capacity as President of Sydkal, Inc., requesting that he produce documents in response to Plaintiff's First Request for Production of Documents propounded upon Ellis and Sydkal on September 18, 2014, and enclosing copies of the documents requests. Branson Aff ¶ 4 and Exhibit A. In the February 20th letter, the Plaintiff's attorney advised Ellis that if responsive documents were not produced by March 10, 2015, that the Plaintiff would file a motion seeking sanctions, including but not limited to a request for a default judgment. Branson Aff. ¶ 4.

## DISCUSSION

### I. ENTRY OF DEFAULT AGAINST ELLIS PURSUANT TO RULE 37(d)

The Plaintiff now requests the entry of default judgment for Ellis's failure to provide the requested discovery. Rule 37(d) states:

The court where the action is pending may, on motion, order sanctions if:

> . . .
>
> (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.

Fed. R. Civ. P. 37(d). The Plaintiff has included a certification that on February 20, 2015, it attempted in good faith to confer with Ellis in accordance with Rule 37(d)(1)(B). Mot. for Default Judgment and Dismissal of Counterclaim, Exhibit A (ECF No. 66-1). The types of sanctions authorized include "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(d)(3); Fed. R. Civ. P. 37(b)(2)(A)(vi).

4

As of March 16, 2015, Ellis has failed to respond in any way to the September 18, 2014 document requests or the Plaintiff's discovery letter dated February 20, 2015. Branson Aff. ¶ 6. Although in October 2014 Ellis did enter his appearance pro se, he has taken no other action indicating that he has any intention of defending against the lawsuit. It has been six months since Ellis entered his appearance pro se and almost eight months since the document requests were initially served. Ellis has never asked the Court for more time to respond to those document requests or explained why he is unable to provide the requested documents. The Court finds that a severe sanction is appropriate here in order to deter Ellis and other litigants from ignoring valid discovery requests. *See National Hockey League v. Metropolitan Hockey Club*, Inc., 427 U.S. 639, 642-433 (1976) (sanctions are necessary to deter "other parties to other lawsuits" from flouting court orders and rules). The Court will order the Clerk to enter default against Ellis pursuant to Rules 37(d) and 55(a).

## II.   DISMISSAL OF ELLIS'S COUNTERCLAIMS PURSUANT RULE 37(d)

The Plaintiff seeks dismissal of Ellis's counterclaims under Federal Rule of Civil Procedure 37(d). Rule 37(d) authorizes dismissal of the action where a party, properly served with Rule 34 request for documents, fails to provide a written response. The Plaintiff has included a certification that on February 20, 2015, it attempted in good faith to confer with Ellis in accordance with Rule 37(d)(1)(B). Mot. for Default Judgment and Dismissal of Counterclaim, Exhibit A.

In this case I conclude that Ellis's failure to provide a written response to the Plaintiff's September 2014 discovery requests warrants the severe sanction of

dismissing Ellis's counterclaims.[2] Ellis should have received a copy of the request for production of documents on September 19, 2014 when his attorney was permitted to withdraw from the case. Although in October 2014 Ellis entered his appearance pro se, he has taken no other action indicating that he has any intention of prosecuting the counterclaims he filed against the Plaintiff on August 22, 2014. Defendants' Answer (ECF No. 47). The Plaintiff sent Ellis a letter on February 20, 2015, again requesting responses to his discovery requests and warning that unless Ellis responds to the discovery requests that it would seek sanctions including dismissal of his counterclaims. Mot. for Default Judgment and Dismissal of Counterclaim, Exhibit A. In addition, the Plaintiff sent Ellis a copy of the production request along with a copy of the motion to dismiss on March 16, 2015. The certificate of service, attached to the Plaintiff's motion, indicates that it served "a copy of Plaintiff's Motion for Default Judgment and for Dismissal of Counterclaim, together with the exhibits attached thereto and the proposed Order on" the Defendants, including Ellis. Mot. for Default Judgment and Dismissal of Counterclaim 14, Certificate of Service. As of

---

[2] The Plaintiff also requests dismissal of Ellis's counterclaims for failure to prosecute pursuant to Rule 41(b). Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). In evaluating the Plaintiff's motion, the court recognizes that dismissal with prejudice for failure to prosecute is a harsh sanction which should "be employed only when a [party's] misconduct has been extreme." *Figueroa Ruiz v. Alegria*, 896 F.2d 645, 647 (1st Cir. 1990). As the First Circuit has explained,

> [a] finding of extreme misconduct is warranted in the face of extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, contumacious conduct, or some other aggravating circumstance such as prejudice to the defendant, glaring weaknesses in the plaintiff's case, and the wasteful expenditure of a significant amount of the district court's time.

*Id*. at 648 (quotations, citations and punctuation omitted). Although Ellis has been inactive in this case for many months, it has not yet been years of inactivity as the First Circuit has indicated is necessary to support dismissal under Rule 41(b).

March 16, 2015, Ellis has made no discovery requests upon the Plaintiff. Branson Aff. ¶ 6. The dispositive motion filing deadline has passed without any motions being filed by Ellis.

## CONCLUSION

To the extent that the Plaintiff's motion for default judgment seeks default against Ellis, the motion is **GRANTED** pursuant to Rules 37(d) and 55(a). To the extent the motion seeks default judgment against Ellis and all the other Defendants under Rule 55(b)(2), the Court **RESERVES RULING** until after a damages hearing.

All parties are hereby notified that the Court intends to hold a damages hearing on June 29, 2015 at 10:00 a.m. at the Edward T. Gignoux Federal Courthouse, 156 Federal Street, Portland, ME, at which time the Court will hear evidence on the Plaintiff's damages.

The Plaintiff is directed, in accordance with Rule 55(b)(2), to serve on Ellis and all the other Defendants written notice of its application for default judgment on or before June 19, 2015. *See* Fed R. Civ. P. 55(b)(2).

The Plaintiff is further directed to serve a copy of this Order on all the Defendants on or before May 21, 2015. *See* Fed R. Civ. P. 55(b)(2).

The Plaintiff shall provide proof that service of the motion for default judgment and this Order was effectuated on each of the Defendants no later than June 19, 2015.

The Plaintiff's Motion to Dismiss Defendant Ellis's counterclaims is **GRANTED** pursuant to Rule 37(d).

**SO ORDERED**.

/s/ Nancy Torresen
United States Chief District Judge

Dated this 4th day of May, 2015.