UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ARAYOS LLC | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Civil Action No. 1:14-cv-00060-DBH |
| v. | ) | |
| | ) | |
| JIMMIE ELLIS, | ) | |
| SYDKAL, INC., | ) | |
| MISTY BURR, | ) | |
| JOHN M. VELLIANITIS, | ) | |
| JMV, INC., and | ) | |
| PAXOS MANAGEMENT | ) | |
| SERVICES, INC., | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

## JUDGMENT

This matter came on for hearing before the Court pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, following entries of default against all Defendants by the Court, by orders dated January 15, 2015 [ECF No. 63, entering defaults against Defendants Misty Burr, John M. Vellianits, JMV, Inc., PAXOS Management Services, Inc., and Sydkal, Inc.], and May 4, 2014 and June 26, 2014 [ECF Nos. 67 & 71, order and amended order entering default as to Defendant Jimmie Ellis].

In accordance with Rule 55(b)(2), notice of the defaults and notice of the default judgment hearing under Rule 55(b)(2) were provided to each of the defaulted Defendants on more than one occasion. See ECF No. 72 (proof of service). The Defendants have also been on notice, through service of motions for default and default judgment pursuant to Rule 5 of the Federal Rules of Civil Procedure and by public electronic docket entries of the Court, that the Plaintiff sought default judgment against the Defendants for all claims in the First Amended

Complaint, and for certain amounts specified in the First Amended Complaint with respect to economic losses.

After hearing and consideration of the factual allegations of the First Amended Complaint, the hearing exhibits and testimony, and the pre-hearing and supplemental briefing of the Plaintiff, the Court orders that **FINAL JUDGMENT** enter in favor of Plaintiff as follows:

The Court **AWARDS** Plaintiff Arayos LLC statutory treble damages under 18 U.S.C. § 1964(c) on Count I (Violation of Racketeer Influenced and Corrupt Organizations Act) of the First Amended Complaint as to Defendants Jimmie Ellis, Sydkal, Inc., and Misty Burr; and on Count II (Violation Racketeer Influenced and Corrupt Organizations Act) of the First Amended Complaint as to Defendants Jimmie Ellis, Sydkal, Inc., John M. Vellianitis, JMV, Inc., and PAXOS Management Services, Inc.  Accordingly, **JUDGMENT** is hereby entered for Plaintiff Arayos LLC as against Defendants Ellis, Sydkal, Inc., and Burr on Count I, and as against Defendants John M. Vellianitis, JMV, Inc., PAXOS Management Services, Inc., Ellis, and Sydkal, Inc. on Count II, jointly and severally, in the amount of **$590,618.22** (which is $196,872.74 trebled), with no pre-judgment interest, and with post-judgment interest to accrue pursuant to 28 U.S.C. § 1961(a).

**JUDGMENT** is hereby entered for Plaintiff Arayos LLC as against Defendants Jimmie Ellis and Defendant Sydkal, Inc. on Counts III, IV, V, VI, VII, IX, and X of the First Amended Complaint, in amount subsumed by the Court's Judgment on Counts I and II ($590,618.22), with no pre-judgment interest, and with post-judgment interest to accrue pursuant to 28 U.S.C. § 1961(a).

**JUDGMENT** is hereby entered for Plaintiff Arayos LLC as against Defendant Misty Burr on Counts III and IX of the First Amended Complaint, in amount subsumed by the Court's

Judgment on Counts I and II ($590,618.22), with no pre-judgment interest, and with post-judgment interest to accrue pursuant to 28 U.S.C. § 1961(a).

**JUDGMENT** is hereby entered for Plaintiff Arayos LLC as against Defendants John M. Vellianitis, JMV, Inc., and PAXOS Management Services on Count III and X of the First Amended Complaint, in amount subsumed by the Court's Judgment on Counts I and II ($590,618.22), with no pre-judgment interest, and with post-judgment interest to accrue pursuant to 28 U.S.C. § 1961(a).

**JUDGMENT** is hereby entered for Plaintiff Arayos LLC as against Defendants John M. Vellianitis, JMV, Inc., PAXOS Management Services, Inc., Jimmie Ellis, and Sydkal, Inc. on Count VIII (Trademark Infringement).  The Court hereby **AWARDS** statutory damages pursuant to 15 U.S.C. § 1117(c)(2) in the amount of **$600,000.00**, with no pre-judgment interest, and with post-judgment interest to accrue pursuant to 28 U.S.C. § 1961(a).  The Court finds that the violations are willful, and therefore that statutory damages pursuant to 15 U.S.C. § 1117(c)(2) may be set in amounts guided by Plaintiff's comparable profits analysis presented at the hearing, and by the statutory policies embraced by damages limits and the discretion provided to the court, by analogy, for trebling actual damages under subsection 1117(b).  To this end, the Court's statutory award is justified and guided by the circumstances of the violation in issue:  the willful nature of the violation; the ongoing nature of the violation for over a year and in part during the pendency of this lawsuit with the current trademark violation claim in the First Amended Complaint; the Defendants' refusal to cease use of the mark upon notice with subsequent statements of Defendants appearing to deride the notice to cease; Defendants' actual knowledge of the development of the mark by Plaintiff; Defendant's initial exact replication of the mark and logo for use in the same service mark classes; and Defendants' misappropriation of

Plaintiffs' documents or electronic information maintaining the Plaintiff's mark once the mark and logo had been developed; together with the likelihood that the statutory damages awarded here bear some relation to what could be established for actual damages trebled for intentional violation under subsection 1117(b), given the factors presented by Plaintiff at the hearing for considering profits of like businesses under like circumstances and in light of Plaintiff's own financial performance and experience.

>The Court **PERMANENTLY ENJOINS** the Defendants as follows:

> Jimmie Ellis, John M. Vellianitis, JMV, Inc., and PAXOS Management Services, Inc., and their officers, agents, servants, employees, and attorneys ("Defendants"), and any persons in active concert or participation with Defendants who receive actual notice of this Order by personal service or otherwise, shall be and hereby are enjoined from infringing the trademarks protected under federal law of Arayos LLC as to certain registered marks with the United States Patent and Trademark Office, which marks bear Registration No. 4,591,975 and U.S. Serial No. 86132064 (as to the name "Diamonds Gentleman's Club") and U.S. Serial No. 86132089 (as to design and logo for Diamonds Gentleman's Club). Defendants are enjoined from the infringing use of the word "Diamonds" as the dominant portion of the mark, and shall also destroy all signs, documents, or tangible objects in Defendants' possession, custody, or control bearing use of the infringing words "Diamonds" or "Diamonds Gentleman's Club" and/or the registered design and logo for Diamonds Gentleman's Club; Defendants shall delete electronically stored information, webpages, or websites in Defendants' possession, custody, or control, bearing such marks or use of such marks.

>The Court **AWARDS** Plaintiff reasonable attorneys' fees as to all Defendants, jointly and severally, for the Judgments entered on Counts I, II, and VIII, in the total amount of $64,467.50; and an award of $33,125.00 for fees and costs incurred for Mr. Branson's services pre-suit on non-litigation related tasks.  The Clerk shall tax costs pursuant to Local Rule 54.3, upon submission of bill of costs by Plaintiff.

DATED: October 26, 2015

>/s/ D. Brock Hornby
>D. Brock Hornby
>U.S. District Judge